**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
In Re:James P. Melnick           : CHAPTER 13
       xxx-xx-6779               : NO. 13-19107-BIF
       Patrice Melnick          :
       xxx-xx-6032              : (Indicate if applicable)
       346 Oxford Road         :
       Plymouth Meeting PA 19462 : ☒   ORIGINAL PLAN
                               :
                               : ☐ _____ AMENDED PLAN
                               :
           Debtors             :
```

**DEBTORS ORIGINAL CHAPTER 13 PLAN**

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan. This form of plan has been published, as of the date set forth above, by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. By filing this plan, debtor(s) and their counsel are representing that there are no changes to the standard, published plan form, except as noted below in the Notice of Special Provisions section.

**PLAN PROVISIONS DISCHARGE: (Check one)**

☒    The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐    The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

☒    This plan contains special provisions that are not included in the standard plan as recommended by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

**1. PLAN FUNDING AND LENGTH OF PLAN**

A. Payments by the debtor of $1,000.00  per month for 60  months.
This monthly plan payment will begin no later than 30 days
following the date of the filing of the bankruptcy petition or
the date of conversion to Chapter 13.

B. In addition to the above specified plan payments, the debtor
agrees to dedicate to the plan the estimated amount of sale
proceeds as follows: $_____ from the sale of property
(describe property)_____. All
sales will be completed by                         .

Other lump sum payments shall be paid to the trustee as follows:

Other payments from any source (describe specifically) shall be
paid to the trustee as follows: Sale of franchise business and
equipment. Currently believe that this will result in gross of
$100,000.00.

C. For amended plans:

    (1) The plan payments by the debtor shall consist of the
    total amount previously paid ($          ) added to the new
    monthly payment in the amount of $_____ for the
    remaining _____ months of the plan for a total base
    amount, as amended, of $_____, plus other payments
    and property stated in Paragraph B above.

    (2) The payment amount shall change effective _____.

    (3) The debtor shall take appropriate action to ensure that
    all wage attachment payments are adjusted to conform to the
    terms of the amended plan.

D. The debtor is responsible for funding the plan.


**2. SECURED CLAIMS**

    A. Adequate Protection Payments under Section 1326. Adequate
    protection payments in the following amounts will be paid by
    the debtor to the trustee. The trustee will disburse
    preconfirmation adequate protection payments for which a
    proof of claim has been filed as soon as practicable after
    receipt of said payments from the debtor.

| Name of Creditor | Address | Account No. | Payment | Month of 1st payment |
|---|---|---|---|---|
| n/a | | | | |
| | | | | |

B.  Mortgages and Other Direct Payments by Debtor. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of collateral | Contractual monthly payment | Principal balance of claim | Contract rate of interest |
|---|---|---|---|---|
| CCO | Home | | | |
| | | | | |
| | | | | |

## C. Arrears

| Name of Creditor | Description of collateral | Pre-petition arrears to be cured | Interest rate | Total to be paid |
|---|---|---|---|---|
| n/a | | | | |
| | | | | |
| | | | | |

D.  Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor | Description of Collateral | Modified principal balance | Interest rate | Total payment | Motion or Adversary Action (AP) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

### E. Other Secured Claims

| Name of Creditor | Description of collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

### F. Surrender of Collateral

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

### G. Lien Avoidance. The debtor will move to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |

## 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| PA Dept. Of Revenue | $140,000.00 |
|  |  |

B. Administrative Claims:

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
(2) Attorney Fees. In addition to the retainer of $_2,0000.00  already paid by the debtor, the amount of $_2,000.00__ in the plan.

**4. UNSECURED CLAIMS**

A. Claims of Unsecured Nonpriority Creditors Specially Classified. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest rate | Total payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B. Funding (check one)

☒ Pro Rata
☐ 100%

5 EXECUTORY CONTRACTS AND UNEXPIRED LEASES. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest rate | Pre-petition arrears | Total payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

The Debtor specifically rejects any and all contracts with unsecured creditors containing any arbitration provision, or in the alternative rejects any arbitration provision of any and all contracts, unless specifically excepted herein.

6. OTHER PLAN PROVISIONS:

a. Within 30 days after all payments pursuant to the Plan are made, Mortgage Company shall mark the mortgage foreclosure action against the Debtor in the            County Court of Common Pleas captioned                                , as Settled, Discontinued and Ended. Each party shall bear its own costs. This Court shall retain jurisdiction to enforce this provision.

b. The Debtor shall make regular post-petition payments directly to the holder of the first mortgage.

c. (1) It is anticipated that, after the Debtor has made the last payment required under the confirmed Plan, the Trustee shall issue a notice to the holder of the secured claim or claims against the residence of the debtor of final cure payment pursuant to Fed.R.Bankr.P. 3002.1(f). It is anticipated that the notice shall state that the secured creditor in question of it's obligation to file and serve a response.
(2) If the Mortgagee fails to file and serve a statement of outstanding obligations within the time set forth under the Rule, the Mortgagee is required to treat the mortgage as reinstated according to its original terms, and fully current as of the date of the Debtors notice; and
(3) that if the Mortgagee does serve a statement of outstanding obligations within the required time, the Debtor may, (i), within 21 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, with notice to the Mortgagee and the Standing Trustee, with the court resolving the challenge as a contested matter.

d. Payment Notices: Creditors and lessors provided for above may continue to mail customary notices and/or coupons to the Debtor and/or the Trustee notwithstanding the automatic stay.

e. Confirmation of this plan shall constitute a finding that the Plan constitutes the Debtors' best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. §§ 727(a)(9).

f. The automatic stay order is in effect as of the date of confirmation. Any sheriffs'' sale or foreclosure sale shall be cancelled and not continued to any later date.

g.  By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

h.   Debtor shall make all postpetition payments on the Debtor's

non-dischargeable student loan obligations directly to the lender
in accordance with the contract terms. See <u>In re Orawsky</u>, 387
B.R. 128, 2008 Bankr. LEXIS 1333, (Bankr. E.D.PA 2008).

**7. ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the
following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of
distribution of plan payments will be determined by the trustee
using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has
not objected.

8. REVESTING OF PROPERTY (Check One)

☒ Property of the estate will vest in the debtor upon
   Confirmation
☐ Property of the estate will vest in the debtor upon
   closing of the case.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

1. All pre-petition arrears and cramdowns shall be paid to
the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or
specially classified claim after the bar date, the trustee
will treat the claim as allowed, subject to objection by the
debtor. Claims filed after the bar date that are not
properly served on the trustee will not be paid. The debtor

is responsible for reviewing claims and filing objections,
if appropriate.

3. In the event that any creditor in any class refuses any
disbursement from the standing trustee, the standing trustee
shall be authorized to disburse those funds to other
creditors in the same class, or if all such similarly
classified creditors have already been paid, to other
creditors in the next level of priority, without seeking a
modification of the plan.

4. If debtor is successful in obtaining a recovery in any
personal injury or other litigation in which debtor is the
plaintiff during the term of this plan, any recovery in
excess of any applicable exemption will be paid to the
trustee as a special plan payment, in addition to debtor's
regular plan payments, for the benefit of the unsecured
creditors.


Dated:                                    /s/ James P. Melnick
                                          Debtor


                                          /s/ Patrice Melnick
                                          Joint Debtor